come due after the insolvency of the firm, and Mr. Crocker, as indorser, was compelled to pay them; would not such payment have been an advance of money for the firm, entitling Mr. Crocker, under this section of the statute, to share with other creditors? We prefer, however, to rest our decision not upon this exception stated in section 37 of the partnership law, but upon the ground that the assignment worked a dissolution of the firm, which ended the partnership relation, and thereafter, to the extent that the petitioner was obliged, in order to obtain his property, to pay in excess of his indebtedness, he is entitled to share equally with the other creditors in the distribution of the assets of the firm.

We think, therefore, that the order should be reversed, with costs; and as the facts are undisputed, and there would be no advantage in a new reference, the petitioner's application, to the extent that he be paid pro rata with the other creditors by the assignee, should be allowed. All concur, except VAN BRUNT, P. J., who dissents.

---

BLACK v. VANDERBILT et al.

(Supreme Court, Appellate Division, First Department.　December 6, 1901.)

EQUITY JURISDICTION—REMEDY AT LAW.

   Equity has no jurisdiction of case showing only that defendants have broken their agreement to compensate plaintiff for his services, there being an adequate and complete remedy at law.

Appeal from special term, New York county.

Action by E. Martin Black against William K. Vanderbilt and others, trustees for E. Martin Black. From a judgment sustaining the demurrer of defendants William K. Vanderbilt and Edward V. W. Rossiter to the complaint, plaintiff appeals. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

The plaintiff makes out no case entitling him to equitable relief. Taking his allegations as true, as they must be taken in face of the demurrer, the most that can be said is that the defendants have broken their agreement to compensate him for his services. For this breach he has an adequate and complete remedy at law. The case, as made by the complaint, differs in essential particulars from Marston v. Gould, 69 N. Y. 220, upon which plaintiff seems to rely. The demurrer must be sustained, with costs, with leave to plaintiff to amend within twenty days upon payment of costs.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

R. L. Stanton, for appellant.
H. L. Anderson, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.